UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARTIN,

       Plaintiff,                                 No. 16-13614

v.                                         District Judge Denise Page Hood
                                             Magistrate Judge R. Steven Whalen

SHERIFF ROBERT PICKELL, ET AL.,

       Defendants.
                                       /

**REPORT AND RECOMMENDATION**

On October 6, 2016, Plaintiff Daniel Martin filed a *pro se* civil complaint in this Court, claiming Defendants' deliberate indifference to his medical needs while he was incarcerated in the Genesee County Jail, in violation of the Eighth Amendment. Before the Court is Defendant Corizon's Motion for Involuntary Dismissal [Doc. #21], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Defendant Corizon be DISMISSED WITH PREJUDICE. I further recommend that the Court *sua sponte* DISMISS WITH PREJUDICE Defendant Pickell.

**I.   FACTS**

Plaintiff filed his *pro se* civil complaint on October 6, 2016, when he was an inmate at the Genesee County Jail [Doc. #1]. He claims deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

On October 12, 2016, Plaintiff was given notice to promptly notify the Court of any change of address, and warned that failure to do so could result in dismissal of his case [Doc. #6]. On November 7, 2016, mail that the Court had sent to Plaintiff was

-1-

returned as undeliverable [Doc. #10]. On the same day, the Court received a motion that Plaintiff filed, with a return address of a Post Office Box in Ann Arbor, Michigan [Doc. #11]. On November 28, 2016, the Court entered an order for Plaintiff to provide a correct address, sending that order to the Plaintiff at the Ann Arbor Post Office address [Doc. #14]. The order directed Plaintiff to file a notice indicating a correct address and telephone number within 14 days. Plaintiff did not do so.

On April 12, 2017, Defendant Corizon filed the present motion to dismiss [Doc. #21]. The same day, the Court mailed Plaintiff an order to respond, sent to the Ann Arbor Post Office Box [Doc. #22]. That order was returned as undeliverable on May 30, 2017 [Doc. #23]. Plaintiff has not responded to the present motion.

## II. DISCUSSION

Fed.R.Civ.P. 41(b) provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).

In the case of a *pro se* litigant, "the Court must take into consideration the

difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Under *Knoll v. American Telephone & Telegraph Co.*, a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

As to the first factor (willfulness, bad faith, or fault), Plaintiff was told early in this case that he was required to promptly inform the Court of any change of address. This is also required by E.D. Mich. L.R. 11.2 also provides that a party "must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." The Court also entered and sent Plaintiff an order specifically directing him to provide a correct address [Doc. #14]. He blatantly ignored these requirements. The first factor weighs in favor of dismissal.

As to the second factor, Defendant Corizon will be prejudiced if the case is not dismissed. It will be stymied in any attempt at discovery, and a "fair and timely resolution of the litigation" will be impossible in the Plaintiff's absence. And Defendant Pickell has not even been served.

Regarding the third factor, Plaintiff has been warned that his failure to update his contact information could lead to dismissal, first, through the Court's October 12, 2016 order [Doc. #6], and second, through the Court's Local Rule 11.2.

Finally, although the Court has not imposed lesser sanctions, Plaintiff's failure to inform the Court or Defendants of his present whereabouts or to take any action in this case since November of 2016 shows that he has effectively abandoned his case, and mandates dismissal of the action. *See Bunting*, *supra,* at *2 ("Plaintiff's failure to further communicate at all regarding the status of his case . . . reveals a lack of interest on his part."). *See also Wade v. Gusman,* 2007 WL 1729569, *2 (E.D.La. 2007) (The plaintiff's failure to supply an "appropriate address or any means of contacting him" is grounds for dismissal under Fed. R. Civ. P. 41(b)).

It appears that Plaintiff has moved on. The Court should grant Defendant Corizon's motion to dismiss for failure to prosecute, and should likewise *sua sponte* dismiss Defendant Pickell for the same reasons.

### III.  CONCLUSION

I recommend that Defendant Corizon's Motion for Involuntary Dismissal [Doc. #21] be GRANTED, and that Corizon be DISMISSED WITH PREJUDICE.

I further recommend that the Court *sua spont* DISMISS WITH PREJUDICE Defendant Pickell under Fed.R.Civ.P. 41(b).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen  
                                                R. STEVEN WHALEN  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2017

## CERTIFICATE OF SERVICE

I hereby certify on July 31, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 31, 2017.

                                                s/Carolyn Ciesla  
                                                Case Manager to  
                                                Magistrate Judge R. Steven Whalen